mencing suit and we think they were premature in instituting this suit without giving the superintendent the opportunity, as he had agreed with them, to specify the particular charges. We have examined the pleadings and evidence in this case with much care, and while we agree with the chancellor that the preponderance of the evidence shows that appellee was acting in self-defense, and not necessarily to be blamed for what he did in the matters, we are, however, of the opinion that the chancellor was without jurisdiction to try this case. That the determination of whether or not this certificate should be revoked was, under the statute and decisions of our courts, of a judicial character to be determined solely by the County Superintendent of Schools, and for that reason the decree of the Circuit Court is reversed and the cause remanded with directions to dissolve the injunction and dismiss the bill.

*Reversed and remanded with directions.*

### Prosper J. Soucy, Appellant, v. Francis Kirsch and Minnie Kirsch, Appellees.

#### (Not to be reported in full.)

Appeal from the City Court of East St. Louis; the Hon. ROBERT H. FLANNIGAN, Judge, presiding. Heard in this court at the March term, 1913. Reversed and remanded. Opinion filed October 9, 1913.

### Statement of the Case.

Action by Prosper J. Soucy against Francis Kirsch and Minnie Kirsch to recover on a claim for rent of certain premises held by plaintiff as trustee. From a judgment in favor of defendants, plaintiff appeals.

Johnson-Johnson and W. L. Coley, for appellant.

W. J. N. Moyers, for appellees.

Mr. Presiding Justice McBride delivered the opinion of the court.

### Abstract of the Decision.

Landlord and tenant, § 301*—*what does not constitute a release from payment of rent.* In an action for rent, a conversation between the defendant and the plaintiff, who subsequent to the letting became a trustee of the premises, *held*, not to amount to a release of payment of the rent and not valid as a compromise of defendant's claim for damages for want of repairs, where there was no agreement in the contract of letting requiring the owner to keep the premises in repair.

---

### Oscar Bletson and Ida Bletson, Appellants, v. The Village of Brooklyn of St. Clair County, Illinois, Appellee.

Municipal corporations, § 136*—*when chief of police not entitled to occupy rooms in village hall as compensation.* Chief of police occupying rooms in a village hall with his family, according to usual custom for seven years, whose compensation is fixed at a certain salary with no provision to occupy the rooms, may be required to yield up possession in a forcible entry and detainer proceeding brought by the village trustees, whether he is legally entitled to the office of chief of police or not.

Appeal from the Circuit Court of St. Clair county; the Hon. George A. Crow, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed October 9, 1913.

Johnson-Johnson and W. L. Coley, for appellants.

Martin D. Baker, for appellee.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.